UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 26cr10277 |
| | ) | |
| v. | ) | Violation: |
| | ) | |
| DAQUAN DOOLEY, | ) | Count One: Wire Fraud (18 U.S.C. § 1343) |
| | ) | |
| Defendant | ) | Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461) |
| | ) | |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant DAQUAN DOOLEY ("DOOLEY") was a resident of Massachusetts.

2. Citizens Bank ("Citizens") was a financial institution headquartered in Rhode Island.

3. The United States Small Business Administration ("SBA") was an agency of the executive branch of the United States government. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans, guaranteed by the government, through banks, credit unions, and other lenders.

The CARES Act and Economic Injury Disaster Loans

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans suffering economic harm as a result of the COVID-19 pandemic. The CARES Act authorized the SBA to provide low-interest financing to small businesses experiencing substantial financial disruption due to the COVID-19 pandemic through the Economic Injury Disaster Loan ("EIDL") program.

5. EIDLs were required to be used by the business on certain permissible expenses, namely, operating costs impacted by the COVID-19 pandemic, including payroll expenses, production costs, and business obligations such as rent or mortgage payments.

6. To obtain an EIDL, a qualifying small business was required to submit to the SBA an EIDL loan application signed by an authorized representative of the business. The EIDL loan application required the business (through its authorized representative) to acknowledge the program rules and provide information such as, business name, owner name, number of employees, gross revenues, and costs of goods sold for the 12-month period ending January 31, 2020.

7. The applicant did not request a specific loan amount; the SBA determined the amount based in part on information the applicant submitted regarding its number of employees, gross revenues, and cost of goods sold. The applicant signed the application with a digital signature and submitted it directly to the SBA through the SBA's online portal.

8. The application required the applicant to certify that all information on their application, and any information submitted with their application, was "true and correct to the best

of [their] knowledge," and that they would "submit truthful information in the future." The borrower's certification was material to the SBA's decision whether to approve the loan and any advance payments, as described below.

9. Certain EIDL applicants were also offered EIDL Advances up to $15,000. EIDL Advances were not loans but rather grants that did not have to be repaid. Funds received from EIDL Advances were restricted to the same uses as EIDLs.

10. The SBA received EIDL applications and related documents electronically. All EIDL applications and related documents submitted before July 11, 2020, were transmitted through a server located in Virginia, Iowa, or Washington state. All EIDL applications and related documents submitted on or after July 11, 2020, were transmitted through a server located in Iowa.

Scheme to Defraud

11. On or about July 9, 2020, in the District of Massachusetts, and elsewhere, DOOLEY devised a scheme to fraudulently obtain funds by filing an EIDL application for his purported company that contained materially false information, resulting in DOOLEY receiving a $10,000 EIDL Advance. DOOLEY thereafter misused the loan proceeds in ways that were not connected to the company's payroll, utilities, rent, or mortgage payments.

12. On or about July 9, 2020, DOOLEY electronically submitted an EIDL application to the SBA that contains false statements. DOOLEY's EIDL application claimed that he was the sole owner of "Daquan DOOLEY LLC," a manufacturing business that was established in 2017 and located at DOOLEY's personal residence. DOOLEY reported that the company's gross

income from 2019 was $0, that its operating costs were $5,650, and that it had 10 employees as of January 31, 2020.

13. As part of his application, DOOLEY requested that the EIDL funds be sent to his Citizens account ending in 9596 (the "9596 Account").

14. According to Citizens records, DOOLEY is the owner and authorized user of the 9596 Account, which is in DOOLEY's name with the same social security number and address listed in DOOLEY's EIDL application.

15. IRS has no records for "Daquan DOOLEY LLC" for the 2019 tax year.

16. As part of his EIDL application, DOOLEY requested to be considered for an EIDL Advance.

17. On or about July 15, 2020, the SBA denied DOOLEY's EIDL application but approved a $10,000 EIDL Advance.

18. On or about July 14, 2020, the SBA deposited the $10,000 EIDL Advance into the 9596 Account. On or about July 15, 2020, the 9596 Account showed three withdrawals from Encore Boston Habor Casino totaling $1,967.89. On or about July 27, 2020, the 9596 Account showed three withdrawals from Encore Boston Harbor Casino totaling $2,030.29. From July 15, 2020 to August 3, 2020, DOOLEY withdrew $33,127.91 from the 9596 Account, none of which related to the operating costs for a manufacturing business.

COUNT ONE
Wire Fraud
(18 U.S.C. §§ 1343)

The Grand Jury charges:

19. The Grand Jury re-alleges and incorporates by reference paragraphs 1-18 of this Indictment.

20. In or about July 2020, in the District of Massachusetts, and elsewhere, the defendant,

DAQUAN DOOLEY,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Approximate Date | Description |
|---|---|
| July 9, 2020 | An EIDL application electronically submitted by DAQUAN DOOLEY, in Massachusetts, and routed interstate through SBA servers located outside of Massachusetts. |

All in violation of Title 18, United States Code, Section 1343.

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

21. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

DAQUAN DOOLEY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

a. $10,000 to be entered in the form of a forfeiture money judgment.

22. If any of the property described in Paragraph 21, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 21 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

[redacted]

FOREPERSON

PHILIP C. CHENG
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: October 15, 2026
Returned into the District Court by the Grand Jurors and filed.

Katherine Thomson
DEPUTY CLERK at 2:13 pm